stay of removal in this petition is DIS-
MISSED as moot.

**JIN TAI CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04-6587-ag.**

United States Court of Appeals,
Second Circuit.

May 15, 2007.

Fengling Liu, New York, NY, for Peti-
tioner.

---

**1.** Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for At-
torney General John Ashcroft.

Mary Beth Buchanan, United States Attorney, Western District of Pennsylvania, Gregory C. Melucci, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Tai Chen, a native and citizen of China, seeks review of the November 30, 2004 order of the BIA affirming the October 1, 2003 decision of Immigration Judge ("IJ") Patricia Rohan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Tai Chen,* No. A78 865 573 (B.I.A. Nov. 30, 2004), *aff'g* No. A78 865 573 (Immig. Ct. N.Y. City Oct. 1, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence).

It is unnecessary to examine the IJ's credibility determination because, even assuming that Chen testified credibly, Chen failed to demonstrate a fear of future punishment on account of a protected ground. According to Chen, the government officials came to his family's home because of their perception that his mother believed in Falun Gong. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Absent further evidence, however, this does not demonstrate that the officials imputed a belief in Falun Gong to Chen himself. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005). A reasonable fact-finder could have inferred from the available circumstantial evidence that the officials imputed a pro-Falun Gong opinion to Chen and his father, particularly when they began to fight against the officials, but the record does not compel this contrary conclusion. *See Gjolaj,* 468 F.3d at 142–43 (reviewing the IJ's factual findings, including the nexus finding, as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary); *Yueqing Zhang,* 426 F.3d at 545 (applicant is required to show a persecutor's motive through direct or circumstantial evidence).

Furthermore, there is no evidence that any future attempts by Chinese officials to arrest and punish Chen would be motivated, even partially, by a perception that he believes in Falun Gong. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994); *see also Yueqing Zhang,* 426 F.3d at 545. Chen himself asserts no fear of punishment by reason of an imputed belief that he is a Falun Gong adherent. Rather, he testified that he fears persecution because he joined his father in beating up government officials. It therefore appears that in Chen's case "the motive for the abuse" (if any) would be directed toward "punishment for criminal acts." *In re S–P–,* 21 I. & N. Dec. 486, 493–94 (BIA 1996). Punishment for violation of a generally applicable criminal law is not persecution. *See*

*Saleh v. U.S. Dept. of Justice,* 962 F.2d 234, 239 (2d Cir.1992) (citations omitted). Substantial evidence thus supports the IJ's finding that Chen failed to demonstrate that he would face punishment in China on account of a protected ground. *See, e.g., Gjolaj,* 468 F.3d at 142–43.

As Chen failed to meet his burden of proof for asylum, and as his withholding claim is premised on the same facts, he necessarily fails to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Chen's failure to raise his CAT claim before the BIA precludes our review, and we therefore dismiss his petition for review with respect to that claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).